**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK** FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT

AUG 0 5 2010

BROOKLYN OFFICE

ANNA PAWELCZAK, an individual; KARL
KRUG, an individual; on behalf of themselves
and all others similarly situated,

Plaintiffs,

vs.

CARDWORKS SERVICING, LLC, a Delaware
Limited Liability Company; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 25,

Defendants.
x

**CV 10 - 3600**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY**

BIANCO, J.

TOMLINSON, M.J.

## I. PRELIMINARY STATEMENT

1.       Plaintiffs, ANNA PAWELCZAK ("PAWELCZAK") and KARL KRUG
("KRUG"), on their own behalf and on behalf of the classes they seek to represent, bring this
action for the illegal practices of the Defendant CARDWORKS SERVICING, LLC
("CARDWORKS") who, *inter alia*, used false, deceptive, and misleading practices, and other
illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and
others.

2.       The Plaintiffs allege that CARDWORKS's collection practices violate the Fair
Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.       Such collection practices include, *inter alia*:

(a)      Leaving telephonic voice messages for consumers, which fail to provide
         meaningful disclosure of Defendant's identity;

(b)      Leaving telephonic voice messages for consumers, which fail to disclose that the
         call is from a debt collector; and

(c)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt.

4.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7.  To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8.  The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

9.  PAWELCZAK is a natural person.

10.  At all times relevant to this lawsuit, PAWELCZAK was a citizen of, and resided in, the Village of Mount Prospect, Cook County, Illinois.

11.  KRUG is a natural person.

12.  At all times relevant to this lawsuit, KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

13.  At all times relevant to this lawsuit, CARDWORKS is a for-profit limited liability company existing pursuant to the laws of the State of Delaware.

14.  CARDWORKS maintains its principal business address at 101 Crossways Park West, Town of Woodbury, Nassau County, New York.

15.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of CARDWORKS that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CARDWORKS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III. JURISDICTION & VENUE

17.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of PAWELCZAK occurred within this federal judicial district, and because CARDWORKS is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV. FACTS REGARDING PAWELCZAK

20.     Sometime prior to August 7, 2009, PAWELCZAK allegedly incurred a financial obligation ("Pawelczak Obligation").

21.     The Pawelczak Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.     Defendants contend that the Pawelczak Obligation is in default.

23.     The alleged Pawelczak Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24.     PAWELCZAK is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25.     PAWELCZAK is informed and believes, and on that basis alleges, that sometime prior to August 7, 2009, the creditor of the Pawelczak Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CARDWORKS for collection.

26.     Within the one year immediately preceding the filing of this complaint CARDWORKS contacted PAWELCZAK on multiple occasions via telephone in an attempt to collect the Pawelczak Obligation.

27.     On at least the date of August 7, 2009, CARDWORKS left PAWELCZAK a "pre-recorded" telephonic voice message on her home telephone voicemail system, which is transcribed as follows:

> "*Anna, Pawelczak*, please press two now. Once again, this is an important call for -- *Anna, Pawelczak*, this is not a telemarketing call. Please ask -- *Anna, Pawelczak*, to call us at 866-210-9498. Thank you. Goodbye."

28.     At the time PAWELCZAK received the above telephonic voice message, she did not know the identity of caller.

29.     At the time PAWELCZAK received the above telephonic voice message, she did not know that the caller was a debt collector.

30.     At the time PAWELCZAK received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

31.     The telephone number 866-210-9498 is answered by is answered by persons who are employed by CARDWORKS as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

32.     To date, PAWELCZAK has not received any written correspondence from CARDWORKS.

## V. FACTS REGARDING KRUG

33.     Sometime prior to February 24, 2009, KRUG allegedly incurred a financial obligation ("Krug Obligation").

34.     The Krug Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

35.     Defendants contend that the Krug Obligation is in default.

36.     The alleged Krug Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

37.     KRUG is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

38.     KRUG is informed and believes, and on that basis alleges, that sometime prior to February 24, 2009, the creditor of the Krug Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to CARDWORKS for collection.

39.     Within the one year immediately preceding the filing of this complaint CARDWORKS contacted KRUG on multiple occasions via telephone in an attempt to collect the Krug Obligation.

40.     On at least the date of February 24, 2010, CARDWORKS left KRUG a "pre-recorded" telephonic voice message on his home telephone answering machine, which is transcribed as follows: "*Karl, Krug Senior* to call us back at 866-210-9498. Thank you. Goodbye."

41.     At the time KRUG received the above telephonic voice message, he did not know the identity of caller.

42.     At the time KRUG received the above telephonic voice message, he did not know that the caller was a debt collector.

43.     At the time KRUG received the above telephonic voice message, he did not know that the call concerned the collection of a debt.

44.     The telephone number 866-210-9498 is answered by is answered by persons who are employed by CARDWORKS as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## VI.  FACTS COMMON TO ALL PLAINTIFFS

45.     CARDWORKS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

46.     CARDWORKS is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

47.     Within the one year immediately preceding the filing of this complaint and as set forth above, CARDWORKS contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

48.     Within the one year immediately preceding the filing of this complaint each of the Plaintiffs received one or more telephonic voice messages from CARDWORKS, as set forth and described *supra*, on their home answering machines and/or voicemail systems ("Messages").

49.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

50.     Each of the Messages was left by persons employed as debt collectors by CARDWORKS in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

51.     Each of the Messages uniformly failed to identify CARDWORKS by its company name as the caller.

52.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

53.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

54.     Each of the Messages uniformly failed to provide meaningful identification of CARDWORKS's identity as the caller.

55.     At the time each Plaintiff received the Messages, they did not know the identity of caller.

56.     At the time each Plaintiff received the Messages, they did not know that the caller was a debt collector.

57.     At the time each Plaintiff received the Messages, they did not understand that the call concerned the collection of a debt.

58.     The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt

-8-

collector employed by CARDWORKS, and then provide that debt collector with personal information.

59.     CARDWORKS intended that the Messages have the effect of causing Plaintiffs and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

60.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

61.     At all times relevant to this action, CARDWORKS was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

62.     At all times relevant to this action, CARDWORKS willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiffs and similarly situated consumers, such as the Messages, that the call is from a debt collector.

63.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

64.     At all times relevant to this action, CARDWORKS was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

65.     At all times relevant to this action, CARDWORKS willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

66.     CARDWORKS's act of leaving the Messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

67.     CARDWORKS's act of leaving the Messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

68.     The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that CARDWORKS is a debt collector in a manner understandable to the least sophisticated consumer, CARDWORKS has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## VII. POLICIES AND PRACTICES COMPLAINED OF

69.     It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*:

(a)     Leaving telephonic voice messages for consumers, which fail to provide

meaningful disclosure of CARDWORKS's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

70.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## VIII.  CLASS ALLEGATIONS

71.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72.     With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the United States of America (b) for whom Defendant left an automated voicemail or answering machine message, in the form of the Messages, (c) that did not identify Defendant by name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

73.     The identities of all class members are readily ascertainable from the records of CARDWORKS and those companies and governmental entities on whose behalf it attempt to collects debts.

74.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate

-11-

families, and legal counsel for all parties to this action and all members of their immediate families.

75.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

76.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

77.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

78.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c)     **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

79.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for CARDWORKS, which, on information and belief, collects debts throughout the United States of America.

80.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6)

and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

81.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

82.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## IX.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

83.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

84.     Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)     Placing telephone calls without providing meaningful disclosure of CARDWORKS's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c)     Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. §

1692d(6);

(d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that CARDWORKS is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e) Failing to disclose in all oral communications that CARDWORKS is a debt collector in violation of 15 U.S.C. §1692e(11).

## X. PRAYER FOR RELIEF

85. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for Plaintiffs and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## XI. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:     Fresh Meadows, New York
           August 3, 2010

                              _____
                              WILLIAM F. HORN, ESQ. (WH-1070)
                              Law Office of William F. Horn
                              188-01B 71st Crescent
                              Fresh Meadows, NY 11365
                              Telephone:  (718) 785-0543
                              Facsimile:  (866) 596-9003


                              ROBERT L. ARLEO, ESQ. (RA-7506)
                              Law Office of Robert L. Arleo
                              164 Sunset Park Road
                              Haines Falls, NY 12436
                              Telephone:  (518) 589-5264
                              Facsimile:  (518) 751-1801

                              *Attorneys for Plaintiffs, Anna Pawelczak, Karl
                              Krug, and all others similarly situated*